UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HABIBA RAHMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION**, <br><br> Defendant. | Case No. 1:22-cv-01211 (TNM) |

## MEMORANDUM OPINION

Habiba Rahman sues the FBI on a host of theories. But her complaint is frivolous. And she points to no valid waiver of sovereign immunity. So the Court will dismiss her complaint for lack of subject matter jurisdiction.

### I.

Rahman alleges that she has suffered grievous abuse: she was "[s]talked in public by cars, drones, devices, and suspected people," burned by lasers, electrocuted, and poisoned with radiation. *See* Compl. at 5, 12–15, ECF No. 1. Because of that, she has a "[c]onstant feeling of suffocation," bleeds from various parts of her body, and struggles to walk. *Id.*

Rahman reported this abuse to the FBI. *Id.* at 5–7. But to her dismay, it merely referred her case to local police. *Id.* at 7. When the police were of no help, she sued the FBI claiming age, race, class, and religious discrimination. *Id.* at 7–8. She also says the FBI invaded her privacy, violated the Constitution, and handled her case negligently. *Id.* at 9.

The FBI moved to dismiss her complaint. *See* Mot. to Dismiss, ECF No. 7. It argues the Court lacks jurisdiction under Rule 12(b)(1) because Rahman's claims are frivolous. *Id.* at 3, 7. And it says that she fails to state a claim under Rule 12(b)(6). *Id.*

The Court agrees that it lacks jurisdiction and will thus dismiss Rahman's complaint.

## II.

### A.

To defeat the FBI's motion to dismiss under Rule 12(b)(1), Rahman must show that this Court has jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). When deciding that motion, the Court presumes that it lacks jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Because Rahman represents herself, the Court holds her complaint to a "less stringent standard[]." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). And the Court must consider not only the factual allegations in her complaint but also those in any of her "other filings." *Hill v. Smoot*, 308 F. Supp. 3d 14, 19 (D.D.C. 2018).

### B.

The Court lacks jurisdiction over Rahman's complaint for two reasons. First, it is frivolous. And second, she points to no valid waiver of the United States's sovereign immunity.

*1. Frivolousness*. The Court has no subject matter jurisdiction over a frivolous complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).

And Rahman's complaint fits that bill. For instance, she claims that there were bombs planted in her room, which she deduced by the bombs' "smell, temperature, and sounds." Compl. at 6. She also says that there is a "static and generator sound" in her ceiling and that causes her "face and body [to be] pulled when the machine is on." *Id.* at 13. And she alleges that "electric magnetic radiation" has "imitated amputation on [her] leg and body parts." *Id.* at 14.

The crux of her complaint, allegations of terrible abuse, "rise[s] to the level of the . . . wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). And thus the Court lacks jurisdiction.

*2. Sovereign immunity*. Rahman tries to sue the FBI, but "[a]bsent a waiver, sovereign immunity shields" federal agencies from lawsuits. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And Rahman identifies no valid waiver.

She points to *Ex parte Young*. 209 U.S. 123 (1908). But that case recognized a limited waiver of *state* sovereign immunity in suits against *state* officers, not federal agencies. *Id.* at 125. And she cites 42 U.S.C. § 1983 as well. But "Section 1983 does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005).

Nor could she bring her claim under the Federal Torts Claim Act. To do that, she needed to "present[] the claim" to the FBI and then wait either for six months or a denial. 28 U.S.C. § 2675(a). Yet Rahman admits in her opposition that she mailed her claim to the FBI in October 2022, four months after she sued. Pl.'s Opp'n at 10, ECF No. 10. So the FTCA provides no waiver.

### III.

For these reasons, the Court will dismiss Rahman's complaint in its entirety. A separate Order will issue.

Dated: November 21, 2022                    TREVOR N. McFADDEN, U.S.D.J.